UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

**United States of America,**

Plaintiff,

v.

**David Rivera-Ruiz,**

Defendant.

**REPORT and RECOMMENDATION**

23-CR-6044-EAW-MJP-1

---

APPEARANCES

**For the United States:**      **Douglas E. Gregory, Esq.**
U.S. Attorney's Office - Rochester
100 State Street
Rochester, NY 14614

**For Rivera-Ruiz:**      **James P. Vacca, Esq.**
499 Kirk Road
Rochester, NY 14612

## INTRODUCTION

**Pedersen, M.J.** Law enforcement should interrogate suspects in their native language—unless the suspect adequately understands English. And law enforcement should provide *Miranda* warnings in the same way to ensure suspects understand their rights. But many suspects—including Rivera-Ruiz—are sufficiently bilingual to voluntarily waive *Miranda* and speak to the interrogating officer.

I reviewed video of a Rochester Police Department ("RPD") officer interrogating Rivera-Ruiz. I find that based on Rivera-Ruiz's fluency in English the interrogating officer's *Miranda* warnings were effective. I likewise find that Rivera-

1

Ruiz sufficiently understood the interrogating officer, volunteering information to make a "deal." That is not coercion. His statements were voluntary.

But my recommendation does not rest solely on video of the interrogation: Rivera-Ruiz did not put his fluency in English at issue. Normally, a defendant will file the affidavit of someone with personal knowledge. Then the Court must hold a suppression hearing. The statements of Rivera-Ruiz's attorney—who was not present during his interrogation—are insufficient. I offered Rivera-Ruiz the chance to provide personal knowledge evidence at his suppression hearing. (Minute Entry, ECF No. 34, Oct. 12, 2023.) He declined. On that independent basis, I also recommend that the Honorable Elizabeth A. Wolford, Chief Judge, **DENY** Rivera-Ruiz's motion to suppress.

## PROCEDURAL HISTORY

The Government indicted Rivera-Ruiz on charges of drug distribution and illegal firearm possession. (ECF No. 1, Feb. 21, 2023.) Following the indictment and the Government removing the option of a plea, Rivera-Ruiz brought an omnibus motion to defeat the indictment. (ECF No. 23, July 7, 2023.) The Government replied. (ECF No. 24, July 14, 2023.) The undersigned heard and disposed of the omnibus motion by denying or leaving individual motions for the District Court—except for one item. (Omnibus Order, ECF No. 26, Aug. 9, 2023.) That remaining item is Rivera-Ruiz's motion to suppress statements.

The motion to suppress statements rests on Rivera-Ruiz's purported inability to understand English. (Not. of Mot. ¶¶ 6–7, Sep. 20, 2023, ECF No. 31.) Based on my

review of a videotape of the interrogation, the interrogating RPD officer spoke with Rivera-Ruiz in English. And the officer gave *Miranda* warnings in English. (*See also id.*) But Rivera-Ruiz, solely through his counsel, argues he could not understand the interrogating officer because he speaks Spanish. Thus, I must analyze whether the RPD officers' *Miranda* warnings were effective, and whether Rivera-Ruiz's statements were voluntary.

Having received submissions from the parties on this question,[1] and a hearing, I recommend[2] that the Honorable Elizabeth A. Wolford, Chief Judge, **DENY** Rivera-Ruiz's motion to suppress statements.

[Remainder of page intentionally blank.]

---

[1] For this Report and Recommendation, I reviewed the following:

- The Government's Exhibit 2, a video recording of an RPD officer interrogating Rivera-Ruiz (on file with the undersigned); Rivera-Ruiz's motion for a hearing filed on September 20, 2023, (ECF No. 31), and requests for additional time relating to the same;

- Rivera-Ruiz's underlying omnibus motion filed on July 7, 2023, (ECF No. 23), and the Government's response to the same filed on July 14, 2023. (ECF No. 24.)

[2] On February 22, 2023, the Honorable Elizabeth A. Wolford referred this case to me to address, in relevant part, all pre-trial matters, including all pre-trial matters that a Magistrate Judge may hear and determine pursuant to 28 U.S.C. § 636(b)(1)(A), and those which a Magistrate Judge may hear and thereafter file a report and recommendation for disposition pursuant to Section 636(b)(1)(B). (Text Order, Feb. 22, 2023, ECF No. 12.)

# DISCUSSION

*Rivera-Ruiz fails to raise an issue of fact concerning Miranda and voluntariness.*

"An evidentiary hearing on a motion to suppress ordinarily is required 'if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question.'" *United States v. Pena*, 961 F.2d 333, 339 (2d Cir. 1992) (quoting *United States v. Licavoli*, 604 F.2d 613, 621 (9th Cir. 1979)). Rivera-Ruiz has raised no issues of fact here.

I have no sworn statement from Rivera-Ruiz before me. I have no other source of personal knowledge raising an issue of fact before me. Because Rivera-Ruiz fails to "raise a factual basis" for his motion to suppress, I must recommend denial. *United States v. Czosnyka*, No. 20-CR-150V, 2022 WL 18584350, at *3 (W.D.N.Y. Dec. 19, 2022), *adopted*, No. 20-CR-150-LJV-HKS, 2023 WL 1476680 (W.D.N.Y. Feb. 2, 2023).

Here, Rivera-Ruiz's counsel acknowledges that I had asked for a "Defense Affidavit" from Rivera-Ruiz. (Not. of Mot. ¶ 5, ECF No. 31, Sep. 20, 2023). But counsel's notice of motion only stated that Rivera-Ruiz "advised" him "that he did NOT understand the interview process." (*Id*. ¶ 6 (emphasis in original).) Counsel added: "It does not appear that Mr. Rivera-Ruiz was advised of his Miranda Rights in Spanish." (*Id*. ¶ 7). During the hearing, I again asked if Rivera-Ruiz would submit a sworn statement or testimony. Rivera-Ruiz opted not to testify or provide a sworn statement of someone with personal knowledge.

Rivera-Ruiz thus failed to raise a "contested issue[] of fact." *United States v. McGrain*, No. 20-CR-6113-FPG-MJP, 2021 WL 1169195, at *12 (W.D.N.Y. Mar. 29, 2021) (quotation omitted). Yet it was his duty to do so. *See United States v. Ahmad*, 992 F. Supp. 682, 685 (S.D.N.Y. 1998) (noting that a defendant "seeking to raise a factual issue to be determined at a [suppression] hearing must submit admissible evidence which, if credited, would make out a *prima facie* case on the issue") (alteration added). Because only Rivera-Ruiz's counsel asserts "impropriety" to support his "request for a suppression hearing," I recommend that his motion to suppress be denied. *United States v. Cook*, 348 F. Supp. 2d 22, 28 (S.D.N.Y. 2004) (quotation omitted).

### *Even if Rivera-Ruiz had raised an issue of fact, his statements were voluntary, and he was properly Mirandized.*

Even turning to the merits of Rivera-Ruiz's motion to suppress, the motion still fails. Key to my analysis is if Rivera-Ruiz understood the interrogating RPD officer adequately in English.[3] I find that he did.

---

[3] There is no dispute, first, that the interrogating RPD officer is a state actor. *See Colorado v. Connelly*, 479 U.S. 157, 167 (1986) (holding that to challenge the voluntariness of a confession, the defendant must allege misconduct by a state actor). Second, for purposes of *Miranda*, I determine that Rivera-Ruiz was subject to custodial interrogation. Based on my findings of fact, this was certainly "questioning initiated by law enforcement officers" after they took Rivera-Ruiz into custody. *Illinois v. Perkins*, 496 U.S. 292, 296 (1990) (quoting *Miranda v. Arizona*, 384 U.S. 436, 444 (1966)). Statements by the interrogating RPD officer indicate that RPD officers had searched Rivera-Ruiz's home that morning, and that they had brought him to an interview room, likely within an RPD station.

*My findings of fact concerning Rivera-Ruiz's statements.* The only evidence before me is the Government's recording of Rivera-Ruiz's interrogation. I accepted it as evidence without objection from Rivera-Ruiz during the hearing on October 12, 2023.[4] Rivera-Ruiz and the Government did not put on any witness testimony. I have reviewed this recording. From it, I make the below findings of fact.

On entering the interrogation room, the interrogating RPD officer asked basic information about Rivera-Ruiz that Rivera-Ruiz was able to answer in English. This included his name, his wife's name, and whether he lives in the house that the RPD searched that morning. Rivera-Ruiz was able to correct the interrogating officer about his date of birth, noting that the officer had heard the year incorrectly.

After discussing basic information, the interrogating officer checked if Rivera-Ruiz needed an interpreter, asking if he speaks both Spanish and English. Rivera Ruiz replied, "I speak both," adding that if he did not understand something, he would say so. The interrogating officer proceeded to read Rivera-Ruiz his *Miranda* rights.

While the interrogating officer read Rivera-Ruiz his *Miranda* rights, Rivera-Ruiz nodded along. When the officer asked Rivera-Ruiz if he understood his *Miranda* rights, Rivera-Ruiz answered affirmatively. Double-checking, the interrogating officer then asked Rivera-Ruiz, "with these rights in mind, do you agree to talk with me now?" Rivera-Ruiz made sure he understood what the officer was saying before agreeing to proceed.

---

[4] *See supra*, n. 1.

Throughout the rest of the interrogation, Rivera-Ruiz repeatedly stated—in English—that he was interested in making a "deal." And the interrogating officer repeatedly told him that he could not guarantee anything. I note that Rivera-Ruiz was likely interested in making a deal because he stated he knew he could be facing a "federal" charge. Moreover, Rivera-Ruiz was able to identify, again in English, the types of guns that RPD officers found at his residence and detailed characteristics.

*Rivera-Ruiz's statements made during the interrogation are admissible.* The legal standards for voluntariness and *Miranda* share a common path. For voluntariness, I must determine if Rivera-Ruiz's statements were "the product of an essentially free and unconstrained choice." *Green v. Scully*, 850 F.2d 894, 900–01 (2d Cir. 1988) (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 225 (1973)). This voluntariness element is common to *Miranda* and coercion analysis.

Under this common element, a suspect's statement must "be voluntary in the sense that it was the product of a free and deliberate choice rather than intimidation, coercion, or deception." *United States v. O'Brien*, 926 F.3d 57, 73 (2d Cir. 2019) (quoting *Berghuis v. Thompkins*, 560 U.S. 370, 382–83 (2010)) (cleaned up). For a *Miranda* waiver, the waiver must be "knowing in the sense that it was made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Id.* (quoting *Berghuis*, 560 U.S. at 382–83) (cleaned up and emphasis removed). I have no doubt Rivera-Ruiz's statements were voluntary, and that he knowingly waived his *Miranda* rights.

Rivera-Ruiz acknowledged—in English—that he understood his *Miranda* rights. *See Campaneria v. Reid*, 891 F.2d 1014, 1020 (2d Cir. 1989) (holding that, despite the defendant's "broken English" which featured "an accent and occasionally lapsed into Spanish," law enforcement's *Miranda* warnings were effective because "[o]n each occasion he was advised of his rights, he indicated that he understood" them) (alteration added). Rivera-Ruiz nodded along while the interrogating officer read him his *Miranda* rights. And he indicated he understood them. Yet he still chose to waive his right to remain silent and to speak to the interrogating RPD officer.

Further, Rivera-Ruiz was able to communicate complex concepts to the interrogating officer, including the specific models and descriptions of the guns RPD found at his residence—all in English. *See United States v. Juv. Male*, 968 F. Supp. 2d 490, 507–08 (E.D.N.Y. 2013) (where evidence in the record indicated that the defendant "was [ ] able to write out English descriptions" about locations involved in the crime and recount his alibi in English, the Court concluded that "the credible and overwhelming evidence in the record indicate[d] that the defendant was advised of his rights in a language that he understands, English") (alterations added). Rivera-Ruiz thus adequately understood English, making his waiver of his *Miranda* rights effective.

Rivera-Ruiz's comprehension of English also leads me to conclude, second, that Rivera-Ruiz's statements were voluntary. *See Berkemer v. McCarty*, 468 U.S. 420, 433 n.20 (1984) ("[C]ases in which a defendant can make a colorable argument that a self-incriminating statement was 'compelled' despite the fact that the law enforcement

8

authorities adhered to the dictates of *Miranda* are rare.") (alteration added). Thus, "the Government has met its burden to establish that Defendant's statements were made knowingly and voluntarily." *United States v. Lucas*, 338 F. Supp. 3d 139, 160–61 (W.D.N.Y. 2018), *aff'd*, No. 19-3937-CR, 2021 WL 3700944 (2d Cir. Aug. 20, 2021) (noting that "credible testimony" of *Miranda* warnings indicated voluntariness). Review of the interrogation video again lends this conclusion.

The video—the only evidence before me—shows nothing "other than calm, measured question and answer." *Juv. Male*, 968 F. Supp 2d at 509–10; *see also Lucas*, 338 F. Supp. 3d at 161 ("Agent Wisniewski credibly testified to Defendant's calm demeanor during the interview and the fact that he appeared to grasp the discussion."). Rivera-Ruiz spoke freely, perhaps because he was interested in making a deal, expressing that he knew he could face a federal weapons charge. Because that choice was not coerced in any manner, his statements were voluntary, and I recommend that his motion to suppress be **DENIED**.

Finally, Rivera-Ruiz's use of an interpreter during court proceedings does not alter my analysis. *See Martinez v. Capra*, No. 6:14-CV-06222-MAT, 2016 WL 2619642, at *5 (W.D.N.Y. May 9, 2016) ("The Court finds that the use of [an] interpreter during [ ] court appearances … does not undermine the trial court's finding that [his] English-language skills were sufficient" for purposes of *Miranda*.) (alterations added). While Rivera-Ruiz pointed to his use of an interpreter, (Not. of Mot. ¶ 7, ECF No. 31), this does not change what was in the interrogation video.

## CONCLUSION

Based on the foregoing, I recommend that the Honorable Elizabeth A. Wolford, Chief Judge, **DENY** Rivera-Ruiz's motion to suppress in its entirety.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute and Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York.[7]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 59(b) of the Local Rules of Criminal Procedure for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 59(b) may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the parties.

**IT IS SO ORDERED.**

DATED:   October 25, 2023
           Rochester, New York

_____
MARK W. PEDERSEN
United States Magistrate Judge