UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

DAVID L. RIVERA-RUIZ,

                    Defendant.

**DECISION AND ORDER**

6:23-CR-06044 EAW

       Pending before the undersigned is a post-verdict motion to dismiss count five of the superseding indictment for lack of jurisdiction filed by defendant David L. Rivera-Ruiz ("Defendant") pursuant to Federal Rule of Criminal Procedure 12(b)(2). (Dkt. 104). For the reasons below, the motion is denied.

## BACKGROUND

       On June 27, 2024, Defendant was convicted by a jury of each of the counts charged in the superseding indictment, (Dkt. 81; Dkt. 82), including count five charging possession of a machinegun in furtherance of drug trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A) and (c)(1)(B)(ii). (Dkt. 81; *see* Dkt. 58 at 3). Sentencing is scheduled for July 17, 2025. (Dkt. 108). On March 30, 2025, Defendant filed the pending motion arguing that the Supreme Court's holdings in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024) and *Garland v. Cargill*, 602 U.S. 406 (2024), require dismissal of count five.

## DISCUSSION

       Before discussing the merits, it is necessary to decipher exactly what Defendant is arguing—and what he is not. Nowhere in his motion does Defendant contend that

restricting his possession of a machinegun is an unconstitutional application of the Second Amendment. *Cf. United States v. Dabidah*, No. 24-CR-00514 (ER), 2025 WL 1094657, at *4 (S.D.N.Y. Apr. 11, 2025) (discussing consensus of decisions holding that machineguns are outside the scope of the Second Amendment). Instead, Defendant argues that "[t]he question presented here is whether the ATF exceeded its authority in determining that an auto sear, otherwise known as a Glock switch,[1] is a 'machinegun' under 26 U.S.C. § 5845(b)." (Dkt. 104 at 2). Defendant contends that ATF Rule 81-4 as adopted in 1981 abruptly and incorrectly concluded that a standalone auto sear constituted a machinegun. (*Id.* at 3). According to Defendant's reasoning, because the Supreme Court's decision in *Loper Bright* abrogated the deference afforded under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), ATF Rule 81-4 which made a standalone auto sear a machinegun exceeds the ATF's statutory authority and is entitled to no consideration. (*Id.* at 4-6). Defendant contends that, therefore, to the extent 26 U.S.C. § 5845(b) prohibits the possession of a standalone auto sear based on ATF Rule 81-4, it is unconstitutional.

The problem with Defendant's argument, among other things, is that he was not prosecuted for possessing a standalone auto sear nor was ATF Rule 81-4 at all relevant to

---

[1]    The government notes in its response that "[t]he term 'auto sear' is normally applied in situations where a *rifle* is converted for use as a machinegun," while a "Glock switch" converts a *handgun* into a machinegun. (Dkt. 107 at 1-2 n.2) (emphasis added). Defendant was charged in count five with possessing a functioning 9 mm Luger (9x19mm) caliber, Glock 19 Gen5 semiautomatic pistol, bearing serial number BTPP023, equipped with a conversion device (Dkt. 58 at 3)—and thus the term Glock switch appears more appropriate here than auto sear.

his conviction.  Defendant was charged with possessing a machinegun to facilitate drug trafficking activities through his possession of a semiautomatic Glock pistol with a conversion device that turned the pistol into an automatic weapon.  Count five of the superseding indictment reads as follows:

**COUNT 5**
**(Possession of a Machinegun in Furtherance of Drug Trafficking Crimes)**
**The Grand Jury Further Charges That:**

On or about October 27, 2022, in the Western District of New York, the defendant, **DAVID L. RIVERA-RUIZ**, in furtherance of drug trafficking crimes for which he may be prosecuted in a court of the United States, that is, violations of Title 21, United States Code, Section 841(a)(1), committed in the manner set forth in Counts 1 and 2 of this Superseding Indictment, the allegations of which are incorporated herein by reference, did knowingly possess a machinegun, namely, one (1) 9mm Luger (9x19mm) caliber, Glock 19 Gen5 semi-automatic pistol, bearing serial number BTPP023, equipped with a conversion device.  **All in violation of Title 18, United States Code, Sections 924(c)(1)(A) and 924(c)(1)(B)(ii).**

(Dkt. 58 at 3).  The jury was instructed that to find Defendant guilty as charged with respect to count five, the government must establish beyond a reasonable doubt the following three elements: (1) Defendant committed a drug trafficking crime for which he might be prosecuted in a court of the United States as charged in counts one and two; (2) Defendant knowingly possessed a firearm in furtherance of count one or two, or both; and (3) the firearm possessed by Defendant was a machinegun as alleged in the superseding indictment.  The jury was instructed on the following definitions as relevant to that third element:

The term "machinegun" is defined in the statute as any weapon that shoots, is designed to shoot, or can be readily restored to shoot, automatically more than one shot, without manual reloading, by a single function of the trigger.

A trigger is any mechanism used to initiate the firing sequence.

The term machinegun also includes the frame or receiver of any such weapon, any part designed and intended solely and exclusively, or combination of parts designed and intended, for use in converting a weapon into a machinegun, and any combination of parts from which a machinegun can be assembled if such parts are in the possession or under the control of a person.

Nowhere during the trial nor in the jury charge was ATF Rule 81-4 referenced. Rather, the government presented proof in support of this count that included, among other things, testimony from Richard Hoepfl, a forensic firearms examiner with the Monroe County Crime Laboratory, who explained how a semiautomatic firearm operates (Dkt. 92 at 5-6) and how its functionality is changed by a conversion device (*id.* at 6-7). Mr. Hoepfl testified that he examined and operated Government's Exhibit 39, the Glock 19 Gen 5 semiautomatic pistol with serial number BTPP023, and that it could discharge ammunition in full automatic mode. (*Id.* at 16-20). Mr. Hoepfl offered the opinions that Government's Exhibit 39 was capable of expelling a projectile by the action of an explosive and that one single pull of the trigger resulted in multiple discharges of ammunition. (*Id.* at 20).

Based on this and other evidence, the jury convicted Defendant of count five. Prior to *Loper Bright* and *Cargill*, there was a "slew" of cases holding that a semiautomatic firearm with an auto sear or Glock switch conversion device causing the firearm to automatically fire multiple rounds with the single pull of a trigger, converted the firearm into a machinegun. *United States v. Douglas*, No. 24-20196, 2025 WL 1181786, at *6 (E.D. Mich. Apr. 23, 2025). The Second Circuit had reached this conclusion, *see United States v. Gravel*, 645 F.3d 549, 552 (2d Cir. 2011) (finding that firearm designed with auto sear was machinegun); *United States v. Was*, 869 F.2d 34 (2d Cir. 1989) (rejecting

argument that indictment should have been dismissed on ground that auto sears cannot be deemed machineguns under § 5845(b)), as had courts in other jurisdictions, *see United States v. Johnson*, No. 24-20429, 2024 WL 4729467, at *9 (E.D. Mich. Nov. 8, 2024) (collecting cases).

But *Loper Bright* and *Cargill* have led defendants being prosecuted for crimes involving Glock switches or auto sears to argue that those conclusions can no longer stand. Of course, *Loper Bright* had nothing to do with machineguns or even criminal law. Rather, it involved the Supreme Court's determination that courts need not, and under the Administrative Procedure Act (APA) may not, defer to an agency's interpretation of the law simply because a statute is ambiguous, overruling *Chevron*. 603 U.S. at 412-13.

In *Cargill*, the Supreme Court held that the ATF exceeded its statutory authority when it issued a rule classifying a bump stock as a machinegun under § 5845(b), reasoning that a bump stock is an accessory to a rifle that makes the technique of bump firing easier but does not alter the basic mechanics of bump firing because the trigger still must be released and reengaged to fire each additional shot. 602 U.S. at 411-12. The Supreme Court held that a semiautomatic rifle equipped with a bump stock is not a machinegun because it cannot fire more than one shot "by a single function of the trigger" and even if it could, it would not do so "automatically" as required to meet the definition of machinegun under § 5845(b). 602 U.S. at 423-24. In other words, *Cargill* addressed a bump stock—not an auto sear or Glock switch—and in fact, expressly drew a distinction with an auto sear being classified as a machinegun because it "permits a shooter to fire multiple shots while engaging the trigger only once." *Id.* at 420 n.4. Similarly, the Fifth

Circuit's en banc decision affirmed by the Supreme Court in *Cargill* drew the same distinction with an auto sear. *See Cargill v. Garland*, 57 F.4th 447, 453 (5th Cir. 2023) ("[T]he auto sear enables a pendulum swing of the hammer in sync with the bolt without any further input from the user; with one pull of the trigger, an automatic weapon can shoot continuously until ammunition is depleted."); *see also United States v. Douglas*, No. 24-20196, 2025 WL 1181786, at *5 (E.D. Mich. Apr. 23, 2025) ("Indeed, the bump stocks at issue in *Cargill* are fundamentally quite different from Glock switches.").

Courts have repeatedly rejected arguments like the one here based on *Loper Bright* and *Cargill*. *See*, *e.g.*, *United States v. Isaac*, No. 23-20050-01-DDC, 2025 WL 1755134, at *13-15 (D. Kan. June 25, 2025) (denying motion to dismiss indictment where defendant was charged with possessing machinegun based on Glock pistol with conversion device, and finding *Loper Bright* and *Cargill* irrelevant to defendant's prosecution); *Douglas*, 2025 WL 1181786, at *4 (rejecting argument that *Cargill* impacted characterization of firearm as machinegun where it was equipped with Glock switch or similar machine gun conversion device); *United States v. Williams*, No. CV 23-0380-TDC, 2025 WL 1068563, at *4 (D. Md. Apr. 9, 2025) (rejecting post-verdict motion that evidence was not sufficient based on *Cargill*, where defendant was shown to have possessed Glock-type conversion devices), *appeal filed*, case no. 25-4226 (4th Cir. Apr. 24, 2025); *Johnson*, 2024 WL 4729467, at *6-9 (denying motion to dismiss indictment charging possession of machinegun based on firearm equipped with machine gun conversion device and rejecting arguments based on *Loper Bright* and *Cargill*).

This Court similarly concludes that neither *Loper Bright* nor *Cargill* support the arguments advanced by Defendant. A conversion device that causes a semiautomatic firearm to expel multiple discharges of ammunition automatically with the single pull of the trigger fits within § 5845(b)'s definition of machinegun. *Loper Bright* and *Cargill* did not change that. The jury was properly instructed on the definition of machinegun, and based on the evidence presented by the government, including Mr. Hoepfl's testimony, Defendant was properly convicted of count five.[2]

Finally, the Court addresses the timeliness of Defendant's motion. The government argues that Defendant's motion is untimely because the issue was not raised pretrial, but suggests that the Court could construe the motion pursuant to Federal Rule of Criminal

---

[2]    Defendant makes a passing argument that § 5845(b) is unconstitutionally vague. (Dkt. 104 at 7). The argument is undeveloped. It is also completely misplaced because it focuses on something that Defendant was not prosecuted for—possessing a standalone auto sear or Glock switch. *See Isaac*, 2025 WL 1755134, at *15-16 (rejecting same argument that § 5845(b) was void for vagueness in prosecution involving Glock pistol with fully automatic conversion device because "Mr. Isaac can 'only attack the statute as unconstitutionally vague on its face, if at all, after demonstrating that it is unconstitutional as applied to him,'" and defendant was not "charged with possessing a 'part' alone—the portion of the statute he argues is vague." (citations omitted)). Defendant has cited no relevant caselaw in support of his contentions and, in fact, similar vagueness arguments have been rejected by other courts. *See id.*; *see also United States v. Kuzma*, 967 F.3d 959, 975 (9th Cir. 2020) ("Even if Kuzma is correct in contending that design features *other* than blocking bars may sufficiently impede automatic operation so as to prevent a receiver from being classified as a machinegun receiver, that would not create any basis for finding § 5845(b) vague as applied here."); *United States v. Berrios-Aquino*, No. CR 22-00473 (GMM), 2024 WL 1468488, at *4 (D.P.R. Apr. 4, 2024) (rejecting defendant's argument that § 5845(b) was void for vagueness in prosecution involving seized triggers); *United States v. Hoover*, 635 F. Supp. 3d 1305, 1321 (M.D. Fla. 2022) (rejecting void for vagueness argument in prosecution involving auto key cards from which lightning links could be cut which were a particular design of auto sear). This Court is likewise unpersuaded that under the circumstances of this case § 5845(b) is unconstitutionally vague.

Procedure 29(c)(1).  (Dkt. 107 at 1 n.1).  Although permitted to file a reply (Dkt. 106), Defendant never did so and thus has not addressed the government's timeliness argument.

Federal Rule of Criminal Procedure 12(b) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits" and this "includes a motion to dismiss an indictment on the grounds that the statute on which the indictment is premised is unconstitutional."  *Dabidah*, 2025 WL 1094657, at *1.  That said, "[a] motion that the court lacks jurisdiction may be made at any time while the case is pending."  *See* Fed. R. Crim. P. 12(b)(2).  Although Defendant phrases his argument as one based on a lack of jurisdiction, the Court is not convinced that Defendant's argument is, in fact, one rooted in a lack of jurisdiction.  *See United States v. Nunez-Hernandez*, 43 F.4th 857, 860 (8th Cir. 2022) ("[T]he unconstitutionality of the statute under which the proceeding is brought does not oust a court of jurisdiction.  To the contrary, to reach the merits of a constitutional challenge, a court must have subject-matter jurisdiction." (cleaned up)); *United States v. De Vaughn*, 694 F.3d 1141, 1153 (10th Cir. 2012) ("A claim that a criminal statute is unconstitutional does not implicate a court's subject matter jurisdiction.").  Thus, Rule 12 does not provide an avenue for the relief sought by Defendant.

As for construing the motion as one brought pursuant to Federal Rule of Criminal Procedure 29(c), that rule has a time limit of "14 days after a guilty verdict or after the court discharges the jury, whichever is later."  Fed. R. Crim. P. 29(c)(1).  Federal Rule of Criminal Procedure 45(b)(1)(B) provides that a court may extend the time to act within a specified period "after the time expires if the party failed to act because of excusable

neglect." Fed. R. Crim. P. 45(b)(1)(B). But here, Defendant has neither sought an extension of time from the Court to file a Rule 29 motion nor has he argued that he failed to timely file any such motion because of excusable neglect.[3] *See generally United States v. Garza*, No. 4:22-CR-3034, 2024 WL 2955752, at *1-2 (D. Neb. June 12, 2024) (discussing history of time limits under Rules 29 and 45). Thus, not only is Defendant's motion lacking in merit, it is also untimely.

## <u>CONCLUSION</u>

For all these reasons, Defendant's motion to dismiss is denied. (Dkt. 104).

SO ORDERED.

ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:     July 8, 2025
           Rochester, New York

---

[3]     The jury verdict in this case was returned on June 27, 2024. *Loper Bright* was decided by the Supreme Court the next day, on June 28, 2024, and *Cargill* was decided some two weeks earlier on June 14, 2024. While the Court can understand why the issues presented here were not raised prior to the return of the jury verdict, it is not readily apparent why Defendant waited until March 30, 2025, to file the pending motion.